IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TILLMAN NORTH, #252941, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10-CV-89-TMH |
| | ) [WO] |
| | ) |
| OFFICER WARE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Tillman North ["North"], a state inmate, filed this 42 U.S.C. § 1983 action alleging that the defendant, officer Samuel Ware, used unnecessary force in getting him out of bed during his incarceration at the Elmore Correctional Facility. North seeks declaratory relief and monetary damages for the alleged violation of his constitutional rights.

Defendant Ware filed special reports and supporting evidentiary materials addressing North's claim for relief. Pursuant to the orders entered herein, the court construes these reports as a motion for summary judgment. *Order of April 29, 2010 - Doc. No. 16*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute –] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive the defendant's properly supported motion for summary judgment, North is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106

3

S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show

5

there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, North fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

### A.  Absolute Immunity

To the extent North seeks relief from defendant Ware in his official capacity, Ware is entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d

67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Disposition of Claim

At this stage of the proceedings, the court must "take the facts alleged in the complaint as true and construe them in the light most favorable to [North]. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)." *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008). In this light, the facts are that sometime during mid-November of 2009 defendant Ware attempted to awaken North and get him out of bed. In so doing, Ware pulled on North's sheets. North maintains that this action caused him to suffer injuries to his right leg – i.e., pain and swelling – because his leg was entangled in the sheets.

North alleges that the use of force by Ware constituted excessive force in violation of the Eighth Amendment. Ware denies North's allegation of excessive force. The objective and undisputed evidentiary materials filed herein support Ware's assertion.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and this "proscription ... governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1990).

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033)....

*Skrtich v. Thornton*, 280 F.3d 1295, 1300-1301 (11th Cir. 2002) (footnote omitted); *Campbell*, 169 F.3d 1374 ("To establish an Eighth Amendment claim for excessive force, ... Plaintiff must meet [a heightened] intent requirement ... [and] must prove that 'force was applied ... maliciously and sadistically for the very purpose of causing harm.' *Whitley*, 475

8

U.S. at 320-21, 106 S.Ct. 1078 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).... [F]orce does not violate the Eighth Amendment merely because it is unreasonable or unnecessary."). Another relevant factor in ascertaining whether a correctional officer used force "maliciously and sadistically" is the extent of the injury suffered by the inmate. *Campbell*, 169 F.3d at 1375. Federal courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security....' *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990)." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

In addition, the law is well settled that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel an unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Id*. at 9 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The Court opined that "[n]ot every push or shove ... violates a prisoner's constitutional rights." *Id*. (quotation omitted); *see Wilkins v. Gaddy*, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (recognizing that mere "push or shove" of inmate which results in "no discernable injury almost certainly fails to state a valid excessive force claim."); *Nolin v. Woodruff*, 207 F.3d 1253, 1257-1258 (11th Cir. 2000) ("[T]he application of de minimis force, without more, will not support a claim for excessive force...."); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("The management by a few guards

of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force."); *Harris*, 97 F.3d at 505 (application of *de minimis* force, without more, does not present a claim cognizable under the Eighth Amendment).

The action about which North complains was, at best, a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments" as such action "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *McCall v. Crosthwait*, 336 Fed. Appx. 871, 872 (11th Cir. 2009) (no constitutional violation occurred where officer pushed detainee out of jail's elevator causing inmate to hit partially open steel door and fall against plexiglass window thereby suffering bruised shoulder and elbow); *Johnson v. Moody*, 206 Fed. Appx. 880, 885 (11th Cir. 2006) (minor nature of injury suggested that officer's pushing or kicking metal tray door on inmate's hand was *de minimis* use of force which did not constitute Eighth Amendment violation); *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (claim that officer "jerked [inmate] by the ankle while checking his leg shackles ... [did] not rise to the level of a constitutional violation."); *Anderson v. Sullivan*, 702 F.Supp. 424, 427 (S.D.N.Y. 1988) (officers who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force). Moreover, when viewing the facts in a light most favorable to North and applying the pertinent factors to

those facts, North fails to establish that the use of force by officer Ware violated the Eighth Amendment, as the record is completely devoid of evidence showing the defendant acted "maliciously and sadistically" for the very purpose of causing harm.  Consequently, defendant Ware is entitled to summary judgment in this case.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendant.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 3, 2012, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner, 66*1 F.2d at 1209 (adopting pre-October 1, 1981 opinions of the Fifth Circuit as binding precedent).

DONE, this 20th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE